UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GENERATION NEXT FASHIONS LTD.,

                       Plaintiff,

        -against-

JP MORGAN CHASE BANK, N.A. and SPORTLIFE BRANDS LLC,

                       Defendants.

-----------------------------------------------------------------X

21-cv-09266 (LJL) (JLC)

**ANSWER AND CROSSCLAIMS OF JPMORGAN CHASE BANK, N.A.**

        Defendant JPMorgan Chase Bank, N.A., sued herein as JP Morgan Chase Bank, N.A. ("Chase"), by and through its attorneys Moses & Singer, LLP, for its Answer and Crossclaims, hereby:

        1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

        2.     Denies the allegations of Paragraph 2 of the Complaint.

        3.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

        4.     Admits the allegations of Paragraph 4 of the Complaint, except denies that plaintiff is entitled to any relief.

        5.     Denies the allegations of Paragraph 5 of the Complaint as they are garbled, but admits that venue is proper and denies that plaintiff is entitled to any relief.

        6.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 16 of the Complaint. Denies the allegations of the third sentence of Paragraph 16 of the Complaint.

17. Admits the first sentence of Paragraph 17 of the Complaint. Denies knowledge and information sufficient to form a belief as to the truth of the remainder of Paragraph 17 of the Complaint as garbled.

18. Denies the allegations of Paragraph 18 of the Complaint.

19. Denies the allegations of Paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21. Denies the allegations of Paragraph 21 of the Complaint.

22. Denies the allegations of Paragraph 22 of the Complaint.

23. Denies the allegations of Paragraph 23 of the Complaint.

24. Denies the allegations of Paragraph 24 of the Complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Denies the allegations of Paragraph 27 of the Complaint.

28. Denies the allegations of Paragraph 28 of the Complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31. Denies the allegations of the first sentence of Paragraph 31 of the Complaint. Admits the existence of the SWIFT message referred to in the second

sentence of Paragraph 31 of the Complaint and respectfully refers the Court to the message for its contents.

32. Denies the allegations of Paragraph 32 of the Complaint.

33. Denies the allegations of Paragraph 33 of the Complaint.

34. Denies the allegations of Paragraph 34 of the Complaint.

35. Denies the allegations of Paragraph 35 of the Complaint.

36. Denies the allegations of Paragraph 36 of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. Admits the allegations of the first sentence of Paragraph 38 of the Complaint. Denies the allegations of the second sentence of Paragraph 38 of the Complaint.

39. Admits the existence of the messages referred to in the second sentence of Paragraph 39 of the Complaint and respectfully refers the Court to the messages for their contents. Denies the allegations of the second sentence of Paragraph 39 of the Complaint.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 40 of the Complaint. Denies the allegations of the second sentence of Paragraph 40 of the Complaint.

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. Denies the allegations of Paragraph 42 of the Complaint.

43. Denies the allegations of Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint.

45. Repeats and realleges the foregoing responses.

46. Denies the allegations of Paragraph 46 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint.

48. Repeats and realleges the foregoing responses.

49. Denies the allegations of Paragraph 49 of the Complaint.

50. Denies the allegations of Paragraph 50 of the Complaint.

51. Denies the allegations of Paragraph 51 of the Complaint.

52. Denies the allegations of Paragraph 52 of the Complaint.

53. Denies the allegations of Paragraph 53 of the Complaint.

54. Denies the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint.

56. Repeats and realleges the foregoing responses.

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58. Denies the allegations of Paragraph 58 of the Complaint.

59. Denies the allegations of Paragraph 59 of the Complaint.

60. Denies the allegations of Paragraph 60 of the Complaint.

61. Repeats and realleges the foregoing responses.

62. Denies the allegations of Paragraph 62 of the Complaint.

63. Denies the allegations of Paragraph 63 of the Complaint.

64. Repeats and realleges the foregoing responses.

65. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

66. Denies the allegations of Paragraph 66 of the Complaint.

67. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

68. Denies the allegations of Paragraph 68 of the Complaint.

69. Denies the allegations of Paragraph 69 of the Complaint.

70. Denies the allegations of Paragraph 70 of the Complaint.

71. Repeats and realleges the foregoing responses.

72. Denies the allegations of Paragraph 72 of the Complaint.

73. Denies the allegations of Paragraph 73 of the Complaint.

74. Denies the allegations of Paragraph 74 of the Complaint.

75. Denies the allegations of Paragraph 75 of the Complaint.

76-83. Declines to answer as these Counts are not alleged against Chase.

## FIRST AFFIRMATIVE DEFENSE

84. Chase did not owe plaintiff any duty to collect the invoices alleged by plaintiff in the Complaint.

85. Plaintiff's Complaint is legally insufficient and fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

86. Any damage suffered by plaintiff in connection with the transactions alleged in the Complaint was caused by SportLife's failure, if any, to pay plaintiff.

87. Chase did not cause SportLife to fail to pay plaintiff.

88. Chase did not cause plaintiff any damage.

## AS AND FOR A FIRST CROSSCLAIM AGAINST
## DEFENDANT SPORTLIFE BRANDS LLC

1. Defendant Chase denies that plaintiff is entitled to any judgment against Chase, but in the event that any judgment is entered against Chase in favor of plaintiff, defendant SportLife Brands LLC ("SportLife") will be liable to Chase for the amount of such judgment.

2. Plaintiff claims that SportLife is liable to plaintiff for goods allegedly sold and delivered.

3. Chase was not a buyer of the goods at issue in this case and received no benefit from such goods.

4. If possession or control of the goods at issue in this case or any part of them was delivered to SportLife and Chase is held liable to plaintiff for the price of the goods or any part of them, SportLife will be unjustly enriched at the expense of Chase to the extent of any judgment against Chase.

5. By reason of the foregoing, SportLife will be liable to Chase for the amount of any judgment against Chase in favor of plaintiff in this case.

## AS AND FOR A SECOND CROSSCLAIM AGAINST
## DEFENDANT SPORTLIFE BRANDS LLC

6. Chase repeats and realleges the allegations of its First Crossclaim.

7. If possession or control of the goods at issue in this case or any part of them was delivered to SportLife and Chase is held liable to plaintiff for the price of the goods or any part of them, in equity and good conscience SportLife would be obliged to indemnify Chase for any judgment rendered against Chase.

8. By reason of the foregoing, SportLife will be liable to Chase for the amount of any judgment against Chase in favor of plaintiff in this case.

### AS AND FOR A THIRD CROSSCLAIM AGAINST DEFENDANT SPORTLIFE BRANDS LLC

9. Chase repeats and realleges the allegations of its First and Second Crossclaims.

10. If Chase is held liable to plaintiff for the price of the goods or any part of them owed to plaintiff by SportLife, Chase will be subrogated to the rights and claims of plaintiff against SportLife to the extent of any judgment against Chase.

11. By reason of the foregoing, SportLife will be liable to Chase for the amount of any judgment against Chase in favor of plaintiff in this case.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST DEFENDANT SPORTLIFE BRANDS LLC

12. Chase repeats and realleges the allegations of its First, Second and Third Crossclaims.

13. Plaintiff claims that Chase is liable to plaintiff for torts consisting of breach of fiduciary duty, conversion, negligence, interference with contract and bailment.

14. Chase denies all of said tort claims, but in the event that Chase is held liable for any of said tort claims, SportLife will be a joint tortfeasor with Chase and liable for contribution to Chase for all or substantially all of any such claim or judgment thereon.

## AS AND FOR A FIFTH CROSSCLAIM AGAINST DEFENDANT SPORTLIFE BRANDS LLC

15. Chase repeats and realleges the allegations of its First, Second, Third and Fourth Crossclaims.

16. In the event that Chase is held liable for any of said tort claims, in equity and good conscience SportLife would be obliged to indemnify Chase for any judgment rendered against Chase.

17. By reason of the foregoing, SportLife will be liable to Chase for the amount of any judgment against Chase in favor of plaintiff in this case.

**WHEREFORE**, defendant JPMorgan Chase Bank, N.A. respectfully requests that the Court dismiss the Complaint with prejudice and grant to Chase the costs and disbursements of this action and such other relief as may be just as against plaintiff. On its Crossclaims against defendant SportLife Brands LLC, in the event that any judgment is entered herein in favor of plaintiff and against defendant Chase, defendant Chase respectfully requests judgment against SportLife in amount of such judgment, the costs and disbursements of this action and such other relief as may be just as against SportLife.

Dated: New York, New York
    January 7, 2022

MOSES & SINGER LLP
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

/s/ Michael Evan Avidon

Michael Evan Avidon
David Rabinowitz
Moses & Singer LLP
The Chrysler Building,
405 Lexington Avenue
New York, New York 10174-1299
Telephone: 212-554-7800
Facsimile: 212-554-7700
mavidon@mosessinger.com
drabinowitz@mosessinger.com