```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
GENERATION NEXT FASHIONS LTD,                                  :
                                                               :
                         Plaintiff,                            :
                                                               :          21-cv-09266 (LJL)
          -v-                                                  :
                                                               :               ORDER
JP MORGAN CHASE BANK, N.A., et al.,                            :
                                                               :
                         Defendants.                           :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/16/2023

LEWIS J. LIMAN, United States District Judge:

On February 13, 2023, Plaintiff filed a letter motion to compel defendant SportsLife Brands LLC to provide more complete responses to Plaintiff's jurisdictional interrogatories. Dkt. No. 71. Plaintiff states that it served jurisdictional interrogatories on the Defendants in this action, pursuant to this Court's order dated January 22, 2023 (Dkt. No. 61), and that, in response, SportsLife Brands LLC "identified the LLC as being a Delaware LLC with a principal office in New York New York but provided no physical address." Dkt. No. 71 at 1. In addition, Plaintiff states that "[a]s to LLC members Kassin, Levy, Dayan, Zepf, and Tverski" (the "Individual Defendants"), SportsLife Brands LLC "identified only New York, New York; Brooklyn, New York; Bayshore, New York; and Rego Park, New York, without the complete physical addresses." *Id.* Plaintiff thus requests that SportsLife Brands LLC and the Individual Defendants be compelled to provide their actual, physical, individual residential and principal business establishment addresses in order for it to establish diversity jurisdiction. *Id.* at 2.

The Court denies the motion to compel. As an initial point, although Plaintiff notes that it attached as Exhibit 1 a "true and correct copy of" SportsLife Brands LLC's responses to its interrogatories, *id.* at 2, no such attachment exists. Thus, it is unclear exactly what questions

1

Plaintiff posed in its interrogatories to SportsLife Brands LLC and what answers SportsLife Brands LLC provided. Regardless, Plaintiff has not demonstrated its entitlement to a motion to compel on the face of its letter motion. Plaintiff appears to take issue with SportsLife Brands LLC's failure to provide complete street address information. However, diversity jurisdiction does not turn on the specific street address of the defendant, but instead on whether the case is one between "[c]itizens of different *states*."[1] 28 U.S.C. § 1332(a)(1) (emphasis added). And, Plaintiff does not seem to contest that SportsLife Brands LLC provided city and state information for itself as well as each of its LLC members. Dkt. No. 71 at 1. Plaintiff identifies no additional reason why the specific street address information of defendants would be relevant.

It is also not apparent to the Court that the information Plaintiff seeks to compel is relevant to establishing jurisdiction. Plaintiff requests the Individual Defendants' "residential" addresses. *Id.* at 2. But, as this Court previously stated, "'[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile,' and residence or place of employment alone are 'insufficient to establish domicile for jurisdictional purposes.'" *Lue v. JPMorgan Chase & Co.*, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019)). Thus, to the extent the Individual Defendants have provided the city and states of their domiciles, Plaintiff is not also entitled to information about their residences for purposes of establishing jurisdiction. Plaintiff also seeks the principal business establishment address for SportsLife Brands LLC. However, "the citizenship of an LLC has nothing to do with its state of formation or principal place of

---

[1] Plaintiff cites cases in support of its position, but none of these cases stand for the proposition that the specific street address of a defendant is relevant to the question of whether a court has diversity jurisdiction. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Maoz v. Shop*, 2022 WL 1063152, at *3 (S.D.N.Y. Apr. 5, 2022).

business; rather, the citizenship of an LLC consists of the imputed citizenship of each one of its members." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022).

For these reasons, the motion to compel is denied. The Clerk of Court is respectfully directed to close Dkt. No. 71.

SO ORDERED.

Dated: February 16, 2023
      New York, New York

_____
      LEWIS J. LIMAN
      United States District Judge