```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GENERATION NEXT FASHIONS, LTD,                                   :
                                                                 :
                        Plaintiff,                               :
                                                                 :         21-cv-9266 (LJL)
           -v-                                                   :
                                                                 :         MEMORANDUM AND
JP MORGAN CHASE BANK, N.A. et al.,                               :              ORDER
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on November 9, 2021 by Generation Next Fashions, LTD ("Plaintiff"). Dkt. No. 1. An amended complaint was filed on March 21, 2022. Dkt. No. 31. A second amended complaint was filed on March 3, 2023. Dkt. No. 74. Defendants Eddie Dayan, Michael Kassin, Elie Levy, SportLife Brands LLC, Shira Tverski, and Walter Zepf answered the second amended complaint on March 17 and 24, 2023. Dkt. Nos. 80–81. Defendant JP Morgan Chase Bank, N.A. stated that it intended to rely on the arguments it made in its motions to dismiss the prior complaints and would not file a new motion to dismiss the second amended complaint. Dkt. No. 77. On October 16, 2023, The Court dismissed all of the claims against JP Morgan Chase Bank, N.A. with prejudice. Dkt. No. 89.

On July 3, 2024, the Court granted the motion of Murray-Nolan Berutti LLC to withdraw as counsel for Plaintiff and stayed the case for a period of sixty days for Plaintiff to obtain new counsel. Dkt. No. 99. No counsel has appeared for Plaintiff since that date. The Court held a status conference on September 10, 2024, but counsel for Plaintiff did not appear. Dkt. No. 100. The Court issued an order stating that Defendants "may move to dismiss the case for failure to prosecute by October 1, 2024." *Id.* On October 1, 2024, Defendants moved to dismiss the case

for failure to prosecute. Dkt. No. 101. On October 2, 2024, the Court ordered Plaintiff to show cause no later than October 15, 2024, why the Court should not dismiss the action in its entirety for failure to prosecute. Dkt. No. 102. Plaintiff never responded.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Harrigan v. City of New York*, 2022 WL 2047464, at *1 (S.D.N.Y. June 6, 2022) (citation omitted); *see also* Fed R. Civ. P. 41; *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *accord Farion v. Ezzo*, 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted the case for nearly half a year. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal,"

but "[d]elays of several months" have been found sufficient. *Caussade*, 293 F.R.D. at 629 (citation omitted) (collecting cases). Plaintiff was given another opportunity to prosecute the case after this Court's order on October 2, 2024, Dkt. No. 102, in which the Court ordered Plaintiff to show cause no later than October 15, 2024, why the Court should not dismiss the action in its entirety for failure to prosecute, but Plaintiff failed to comply with that order. Next, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982); *accord William v. City of New York*, 771 Fed.Appx. 94, 95 (2d Cir. 2019) (summary order) ("[A] presumption of prejudice is particularly appropriate where . . . the plaintiff's delay was prolonged." (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Harrigan*, 2022 WL 2047464, at *2 (citations omitted).

      For the foregoing reasons, the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close Dkt. No. 101, to close the case, and to mail a copy of this this Memorandum and Order to Plaintiff.

SO ORDERED.

Dated: December 18, 2024
      New York, New York

                                    LEWIS J. LIMAN
                                    United States District Judge